Dear Mr. Ferrell:
This opinion is in response to your questions asking:
 a) If the County Court of a Second Class County has never determined that the business in charge of a public administration [sic] is such to reasonably require a separate office for the convenience of the public pursuant to R.S.Mo. 473.740 [sic], what are the obligations of the County, if any, to provide the public administrator reimbursement for ordinary expenses incurred in the course of handling the cases that the public administrator has, such as stationery and office material expense?
 b) One of the duties of the Public Administrator according to 473.743(8) is to take charge and custody of estates, or person and estate of all insane persons in his county, who have no legal guardian, and no one competent to take charge of such estate, or to act as such guardian can be found or is known to the Court having jurisdiction who will qualify.
 Can the Judge of the Probate Division bypass the Public Administrator in the above case and appoint another person to take charge and custody of the estate who is not related to the incompetent nor familiar with the incompetent in anyway but who is otherwise qualified to be a guardian?
Section 473.737, RSMo 1978, states:
 Each public administrator elected, as now or as hereafter provided for in sections 473.730 to 473.767, is hereby declared to be an officer for the county in which he is elected and for the city of St. Louis, if elected therein. The county courts of each county in this state shall make suitable provision for an office for the public administrator in the courthouse of the county if suitable space may be had for same, and shall be provided as soon as the county court shall be of the opinion that the business in charge of the public administrator is such as to reasonably require a separate office for the convenience of the public. The public administrator of the city of St. Louis shall have suitable and convenient offices provided for him the in civil courts building by said city. [Emphasis added.]
Section 49.510, RSMo 1978, states:
 It shall be the duty of the county to provide offices or space where the officers of the county may properly carry on and perform the duties and functions of their respective offices. Said county shall maintain, furnish and equip said offices and provide them with the necessary stationery, supplies, equipment, appliances and furniture, all to be taken care of and paid out of the county treasury of said county at the time and in the manner that the county court may direct. [Emphasis added.]
In Opinion No. 331, Burrell, 1964, this office reasoned that the special statute, Section 473.737, governs over the provisions of the general statute, Section 49.510, and that Section 473.737
must be read as an exception or qualification to Section 49.510. Accordingly, our 1964 opinion concluded that the county has no duty to furnish the public administrator an office if the county court is of the opinion that the workload is such that the public convenience would not be served by a separate office.
Section 49.510, RSMo 1978, requires the county to equip theoffice of the officer. Given the fact that Section 473.737
creates an exception to Section 49.510, we do not believe Section49.510 can be read to require the county court to equip an office which the county court has not determined is necessary.
We believe that your second question is properly addressed only in an appropriate judicial proceeding. We therefore decline to issue an opinion on your second question.
Very truly yours,
 JOHN ASHCROFT Attorney General